IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAHIMEH ABRARPOUR,         § | | |
|     Plaintiff,         § | | |
| § | | |
| v.         § | | CIVIL ACTION NO. H-11-2259 |
| § | | |
| UNITED STATES OF AMERICA,         § | | |
|     Defendant.         § | | |

## **MEMORANDUM AND ORDER**

This personal injury case is before the Court on the Motion for Leave to File Her First Amended Complaint ("Motion to Amend") [Doc. # 27] filed by Plaintiff Fahimeh Abrarpour, to which Defendant United States of America filed an Opposition [Doc. # 28], and Plaintiff filed a Reply [Doc. # 29]. Having reviewed the record and relevant legal authorities, the Court **denies** the Motion to Amend.

After discussing the matter with counsel at the initial scheduling conference on September 28, 2011, the Court established December 1, 2011 as the deadline for amendments to pleadings. *See* Hearing Minutes and Order [Doc. # 11]; Docket Control Order [Doc. # 12]. On December 13, 2011, after the deadline for amendments had expired, the parties filed a Joint Motion to Revise the Docket Control Order [Doc. # 13], seeking extensions of certain deadlines. The parties did not request an extension of the deadline for amendments to pleadings and, indeed, their proposed

Revised Docket Control Order retained December 1, 2011 as the deadline for amendments.

Where, as here, the Court has established a deadline for amendments to pleadings, Federal Rule of Civil Procedure 16(b)(4) provides the standard for requests to amend after that deadline has expired.[1] *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333-34 (5th Cir. 2012); *Marathon Fin. Ins., Inc. v Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008). "Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.'" *Marathon*, 591 F.3d at 470 (quoting FED. R. CIV. P. 16(b). Rule 16(b) requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Id.* (quoting *S&W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003)). To determine whether the moving party has established good cause, the Court considers the following four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a

---

[1] Plaintiff in her Motion to Amend and in her Reply incorrectly relies on Rule 15, which applies before a deadline established by the Court has expired.

continuance to cure such prejudice." *Id.* (quoting *Sw. Bell Tel. Co. v. City of El Paso,* 346 F.3d 541, 546 (5th Cir. 2003)); *see also Serv. Temp*, 679 F.3d at 334.

Plaintiff's explanation for her failure to file the amendment by the Court's deadline does not show good cause. Plaintiff claims that she "did not have the benefit of the discovery she now has, having litigated the related matter in state court."[2] *See* Motion to Amend [Doc. # 27], ¶ 7. The allegations Plaintiff seeks to add through the proposed amendment are predominantly facts clearly within Plaintiff's knowledge when the Complaint was filed, or are based on information produced to Plaintiff in September 2011, well before the December 1, 2011 deadline for amended pleadings. "In the context of a motion for leave to amend, the court may deny the motion if the movant 'knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint.'" *Udoewa v. Plus4 Credit Union*, 2010 WL 1169963, *2 (S.D. Tex. Mar. 23, 2010) (quoting *Pallottino v. City of Rio Rancho,* 31 F.3d 1023, 1027 (10th Cir. 1994), and citing *Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 263 (5th Cir. 1991); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (denying leave to amend under Rule 16(b)

---

[2]   Plaintiff alleges that she fell just outside the Mickey Leland Federal Building, which is managed by WW Contractors, Inc. ("WW"). The state court lawsuit against WW resulted in a finding that neither it, the United States, nor Plaintiff was negligent.

when facts were known to plaintiff at time of first complaint); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340-41 (2d Cir. 2000).

The importance of the proposed amendment is minimal. Plaintiff does not seek to add parties or causes of action. Additional factual support for the ***existing*** claims need not be added to the complaint because the case is well past the pleading phase.[3]

There exists potential prejudice to Defendant if the amendment were allowed because Defendant's deadline for dispositive motions is July 29, 2013. It is likely that Defendant has already expended considerable time drafting the dispositive motion based on the existing complaint.

Although a continuance of the motions deadline would avoid most of the prejudice to Defendant, the Court is not inclined to extend the remaining deadlines in this case.

Plaintiff has failed to establish good cause for her failure to comply with the Court's order to file any Amended Complaint by December 1, 2011. As a result, it is hereby

**ORDERED** that Plaintiff's Motion to Amend [Doc. # 27] is **DENIED**.

---

[3] It is anticipated that Defendant's dispositive motion will be based on the collateral estoppel effect, if any, of the state court verdict. Should the motion instead seek dismissal of the complaint pursuant to Rule 12(b)(6), the Court will reconsider allowing an amendment if Plaintiff reurges her Motion to Amend.

SIGNED at Houston, Texas, this 26th day of **July, 2013.**

_____
Nancy F. Atlas
United States District Judge