IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAHIMEH ABRARPOUR, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-11-2259 | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
|     Defendant. § | | |

## MEMORANDUM AND ORDER

This personal injury case is before the Court on the Motion to Dismiss [Doc. # 31] filed by Defendant United States of America ("United States"), to which Plaintiff Fahimeh Abrarpour filed a Response [Doc. # 32], and the United States filed a Reply [Doc. # 33]. The Court has reviewed the full record and governing legal authorities. Based on that review, the Court concludes that it lacks subject matter jurisdiction and, therefore, **grants** the Motion to Dismiss.

## I.    BACKGROUND

The United States purchased the Mickey Leland Federal Building ("Leland Building") in Houston, Texas, in September 1987. In October 2009, Plaintiff tripped and fell on the sidewalk outside a parking lot behind the Leland Building. In November 2010, Plaintiff filed a claim with the United States for $3,000,000.00.

On June 11, 2011, Plaintiff filed a lawsuit against WW Contractors, Inc. ("WW"). Beginning in 2002, GSA contractually delegated to WW the management, operation, and maintenance of the Leland Building and five other federal buildings in the Houston/Galveston area. The Contract with WW, attached in relevant part as Exhibit 10 to the Motion to Dismiss, was renewed in 2007 and was in effect at the time Plaintiff tripped and fell.

On June 16, 2011, Plaintiff filed this lawsuit against the United States. This lawsuit was stayed pending the final outcome of the state court lawsuit against WW.

In the state court lawsuit, the United States and the General Services Administration ("GSA") were designated as responsible third parties under Texas law. The case was tried to a jury in May 2013. GSA Property Manager Terrell Goff testified at the trial. The jury answered "No" to all of the negligence questions, finding that neither Plaintiff, nor the United States, nor WW was negligent.

Following reinstatement of this case on the Court's active docket, the United States moved to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. In the Motion to Dismiss, the United States asserts its sovereign immunity. The United States argues that the independent contractor and the discretionary function exceptions to the FTCA apply and, therefore, the Court lacks subject matter jurisdiction. The United States argues

alternatively that Plaintiff is collaterally estopped by the jury verdict in the state court lawsuit from claiming in this lawsuit that the United States was negligent. The Motion to Dismiss has been fully briefed and is now ripe for decision.

## II. FEDERAL SOVEREIGN IMMUNITY

"It is elementary that the United States, as sovereign, is immune from suits save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Broussard v. United States*, 989 F.2d 171, 174 (5th Cir. 1993)). The Federal Tort Claims Act ("FTCA") constitutes a limited waiver of the government's sovereign immunity. *Id.* (citing 28 U.S.C. § 1346(b); *United States v. Orleans*, 425 U.S. 807, 813 (1976)). Waivers of federal sovereign immunity must be strictly construed and all ambiguities must be resolved in favor of the sovereign. *Id.* (citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)). The FTCA constitutes consent for the United States to be sued for acts committed by any "employee of the Government while acting within the scope of his office or employment." *See id.* (quoting 28 U.S.C. § 1346(b)). "Employee of the Government" is defined as "officers or employees of any federal agency, members of the military or naval forces of the United States, . . . and persons acting on behalf of a federal agency in an official

capacity, temporarily or permanently in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671.

The FTCA does not waive sovereign immunity for acts of independent contractors. *Linkous*, 142 F.3d at 275 (citing *Orleans*, 425 U.S. at 813-14; *Broussard*, 989 F.2d at 174). Consequently, if the plaintiff does not prove that her injury was caused by the act of an "employee of the Government," then the case must be dismissed for lack of subject matter jurisdiction. *Id.* "The critical factor in determining whether an individual is an employee of the government or an independent contractor is the power of the federal government to control the detailed physical performance of the individual." *Id.* In addition to the control factor, the Court considers various other factors to determine whether the injury was caused by a government employee or an independent contractor:

    (a)    the extent of control which, by the agreement, the government may exercise over the details of the work;

    (b)    whether or not the contractor is engaged in a distinct occupation or business;

    (c)    the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

    (d)    the skill required in the particular occupation;

 (e) whether the government or the contractor supplies the instrumentalities, tools, and the place of work for the person performing the work;

 (f) the length of time for which the contractor is to perform the work;

 (g) the method of payment, whether by the time or by the job;

 (h) whether or not the work is a part of the regular business of the government agency;

 (i) whether or not the parties believe they are creating an employment or an independent contractor relationship; and

 (j) whether the government agency is or is not in business.

*See id.* at 276 (citations omitted). If the United States lacks the power of direct control over an individual, then the Court still must look at the other factors listed above before deciding whether the individual is an employee or independent contractor. *See id.* (citing *Rodriguez v. Sarabyn*, 129 F.3d 760, 765 (5th Cir. 1997)).

## III. ANALYSIS

### A. Independent Contractor Status

The Contract delegates all control over the day-to-day management and maintenance of the Leland Building on WW. Although the United States retained the right to inspect WW's work to ensure that it was in compliance with the Contract, the United States did not retain the right to control the day-to-day maintenance work conducted by WW's employees. Indeed, the Contract provides specifically that "all

work" is supervised by WW and that no federal employees "are authorized to exercise direct or indirect supervision over [WW's] employees." *See* Contract, § 2C.

Consideration of the *Linkous* factors also leads to the conclusion that WW was an independent contractor.[1] As cited above, the United States and its employees did not retain the right or duty to exercise control over the details of WW's maintenance work. *See id.*

WW is a building management company, a business in which the management company operates without the direct supervision and control of the property owner. GSA, the property owner, typically bids out the property management services to independent contractors rather than operate the facilities as part of its regular business. *See* GSA website, www.gsa.gov.

WW is required under the Contract to provide "a sufficient number of capable and qualified employees" to perform WW's obligations under the Contract, including highly skilled employees such as engineers and electricians. *See* Contract, § 3A-C. WW is responsible under the Contract for providing all "materials, equipment and supplies necessary to provide all the performance based services" described in the Contract. *See id.*, § 2A, § B(1).

---

[1] Plaintiff did not address the *Linkous* factors in her Response to the Motion to Dismiss.

The Contract with WW was renewed in 2007 for one year and four optional one-year extensions.  *See* GSA Letter dated November 28, 2006, Exh. 10 to Motion to Dismiss.  WW is paid for its management, operation, and maintenance over the one-year period, not according to the amount or nature of the work performed.  In 2009, the year in which Plaintiff fell, the United States paid WW a flat fee of $986,159.76 for the management, maintenance, and operation of the Leland Building. *See* Contract Amendment, Exh. 11 to Motion to Dismiss.

The Contract is for "full maintenance services" and WW is identified as the "Contractor."  This indicates that the parties believed that WW would operate as an independent contractor and not as an employee.

Based on the absence of the right for the United States to control the day-to-day maintenance of the Leland Building, and after consideration of the *Linkous* factors, the Court concludes that WW was an independent contractor within the "independent contractor" exception to the FTCA.  Other courts have likewise held that GSA contracts similar to the one in this case create an "independent contractor" relationship.  *See Carroll v. United States*, 661 F.3d 87, 95-97 (1st Cir. 2011); *Flanagan v. United States*, 430 F. Supp. 2d 106, 113 (W.D.N.Y. 2006) ("Where the Government has no contractual right to control the contractor's physical performance or supervise its day-to-day operations, but instead reserves the right to inspect the

contractor's performance, the Government cannot be held liable for the acts of its independent contractors."); *Hall v. United States*, 825 F. Supp. 427, 430 (D.N.H. 1993) (the "key factor" to be considered when determining independent contractor status "is the amount of control the GSA exercised over the detailed operations" of the contractor); *Zion v. United States*, 2012 WL 6675127, *4 (W.D. Ky. Dec. 21, 2012) (holding that "retaining the right to inspect performance and supervise compliance with the contract does not establish an employee relationship; the employee relationship requires a more hands-on and day-to-day supervisory arrangement"); *Dingler v. United States*, 2008 WL 4065642, *3 (D. Vt. Aug. 26, 2008) (same); *Hentnik v. United States*, 2003 WL 22928648, *4 (S.D.N.Y. Dec. 10, 2003).

### B.   Non-Delegated Duties Under the Contract

Plaintiff argues that the United States' breach of its own non-delegated duties contributed to her injury. Plaintiff's argument is not supported by the Contract terms or any other evidence in the record.

Plaintiff notes that the United States under the Contract retained the right to inspect for defects existing on the premises prior to the date in January 2002 when the Contract took effect. The Contract provides further, however, that any deficiencies discovered after the Contract's start date "shall be assumed to be conditions that developed after the contract start date and, therefore, shall not be termed 'pre-existing'

and the repair thereof shall be the full responsibility of the Contractor" and nothing in this contract clause "shall be construed as diminishing the obligations imposed by this contract upon the Contractor." *See* Contract, Exh. 10 to Motion to Dismiss, § 8G and § 8H.  There is no evidence that the condition that resulted in Plaintiff's fall in this case existed prior to January 2002, and the United States in this provision of the Contract retained no duty that contributed to Plaintiff's injury in 2009.

Plaintiff argues also that the GSA retained the right to conduct inspections as part of a Quality Assurance Program in order to "ascertain that services are being performed in accordance with contract requirements." *See id.*, § 11D.  A right of inspection does not defeat the independent contractor exception unless the United States supervises the contractor's day-to-day activities. *See Guile v. United States*, 422 F.3d 221, 230 n.10 (5th Cir. 2005).  Similarly, retention of the right to monitor the contractor's compliance with its obligations does not defeat the independent contract exception. *See Alexander v. United States*, 605 F.2d 828, 830-31 (5th Cir. 1979); *Battaglia v. United States*, 495 F. App'x 440, 442 (5th Cir. 2012).  As a result, the GSA's retention of the right of inspection to monitor Contract compliance does not negate application of the independent contractor exception.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that WW was an independent contractor. The Court further concludes that there were no non-delegated duties retained by the United States under the Contract that negate application of the independent contractor exception to the waiver of sovereign immunity under the FTCA. As a result, the United States has not waived its sovereign immunity for the claims at issue in this case and the Court lacks subject matter jurisdiction. Accordingly, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 31] is **GRANTED** and this case is **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction. The Court will issue a separate final order.

SIGNED at Houston, Texas, this 4th day of **September, 2013.**

Nancy F. Atlas
United States District Judge